GORDEE, NOWICKI & AUGUSTINI LLP
KEVIN R. NOWICKI, SBN 128686
8105 Irvine Center Drive, Suite 870
Irvine, California 92618
Telephone: (949) 567-9923
Facsimile: (949) 567-9928

Attorneys for Defendant
AETNA LIFE INSURANCE
COMPANY (erroneously sued as
AETNA US HEALTH OF
CALIFORNIA, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public trust corporation, on behalf of the University of California, Irvine Medical Center,<br><br>Plaintiff,<br><br>v.<br><br>AETNA US HEALTH OF CALIFORNIA, INC.; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | CASE NO. SACV10-1043 DOC (RNBx)<br><br>**[PROPOSED] STIPULATED CONFIDENTIALITY ORDER** |

///

///

ORDER

The Court has reviewed the Stipulation Regarding Proposed Confidentiality Order jointly submitted by all parties to this litigation, and, good cause appearing therefore, IT IS HEREBY ORDERED that a Stipulated Confidentiality Order, the terms of which are attached to this Order, shall be issued and shall govern the use of information contained in the parties' responses to discovery in this matter.

DATED: January 24, 2011                 _____

The Hon. Robert N. Block,
Magistrate Judge of the District Court

# STIPULATED CONFIDENTIALITY ORDER

The following terms shall govern the use of information contained in the parties' responses to discovery.

1. <u>Definitions</u>

The following definitions shall apply to this Stipulated Confidentiality Order:

a. The term "Litigation" shall refer to the above-captioned matter and to any other action consolidated at any time under that caption, and any appeal therefrom through final judgment.

b. "Documents" shall mean all written records, electronically stored information, or graphic material whatsoever whether it be original, recorded or graphic format, as that term is defined in Federal Rules of Civil Procedure, Rule 34, including, without limitation, any meaning reasonably given to such term in any written request for production of documents served by any party herein.

c. "Confidential Document" shall mean any document, material or thing which contains Confidential Information or Confidential Health Information and which any Producing Party (as defined herein) designates as "Confidential" at any time and in any manner set forth in any part of this Stipulated Confidentiality Order. All documents, information or materials designated "Confidential," in accordance with this Stipulated Confidentiality Order by any party to this Litigation or by any Producing Party, shall be treated as Confidential for purposes of, and pursuant to, this Stipulated Confidentiality Order. Any Producing Party, or any party to the Litigation, may designate any document, information or material as "Confidential" in the reasonable and good faith exercise of such person's discretion and belief that the designated item(s) contains Confidential Information or Confidential Health Information, <u>provided</u>, however, by agreeing to this Stipulated Confidentiality Order, no party waives the right to challenge any other party's designation of any document or other material as "Confidential."

///

d.  "Confidential Information" shall mean any trade secrets or confidential commercial, proprietary or financial information not previously made available to the public or which any party to the Litigation or any Producing Party hereto contends is subject to protection from disclosure.

e.  "Confidential Health Information" shall mean individual identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number). The information produced may be subject to 45 C.F.R. §§164.102 – 164.534 or other privacy protections or there may be no waiver by the patient to produce the records.

f.  "Person" as used herein shall mean natural person, firm, association, organization, partnership, business, trust, corporation, foundation, or other public or private entity.

g.  "Plaintiff" as used herein shall mean the named Plaintiff The Regents of the University of California, a public trust corporation, on behalf of the University of California, Irvine Medical Center and its counsel of record.

h.  "Defendant" as used herein shall mean the named Defendant Aetna Life Insurance Company and their counsel of record.

i.  "Producing Party" shall mean any party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

j.  "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document.  When any document is designated "Confidential" pursuant to this Stipulated Confidentiality Order, the Legend shall be affixed to every page of any such document (not merely the first or cover page.

k.  "Parties" shall mean both Plaintiff and Defendant.

When reference is made in this Stipulated Confidentiality Order to any document or party, the singular shall include the plural and plural shall include the singular.

l.     "Court" and "Court Personnel" as used herein shall include the judicial reference and the judicial reference's support staff.

2.     Scope of Application

This Stipulated Confidentiality Order shall govern all documents and other information and materials generated or produced in response to any formal discovery conducted by any party to the Litigation pursuant to the Federal Rules of Civil Procedure or discovery exchanged by agreement between the parties in preparation for mediation.  This Stipulated Confidentiality Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

3.     Limitation on Use

All documents, material or information in this Litigation that are designated "Confidential" may be used by the non-designating party only for purposes of the conduct of this Litigation and for no other purpose ("Permitted Purpose"). Confidential Documents and/or Confidential Information and/or Confidential Health Information and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 9 below) and to:

a.     parties to the Litigation and the employees, officers, agents and directors of such parties only to the extent necessary for the Permitted Purpose;

b.     counsel for the parties hereto and their employees, paralegals, legal assistants or other secretarial and clerical employees, including outside copy services, only to the extent necessary for the Permitted Purpose;

c.     independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the parties or counsel for the parties hereto only to the extent necessary for the Permitted Purpose;

d.     deponents, trial witnesses and their counsel who have a reasonable need to review this material during the course of, or in connection with their testimony in the

Litigation, including, but not limited to, deponents or trial witnesses who may be employees of a party.

  e. stenographic reporters who are involved in depositions, the trial or any hearings or proceeding before the Court in the Litigation;

  f. third-party witnesses in the Litigation who reasonably need to review this material prior to or in connection with potential testimony in the Litigation;

  g. the Court and any persons employed by the Court whose duties require access to Confidential Documents and/or Confidential Information; and

  h. any mediator agreed to by the parties.

Unless the Producing Party agrees otherwise, Confidential Documents and/or Confidential Information and/or Confidential Health Information may be disclosed by the non-producing party to persons referred to in this paragraph only after such persons have been advised of the terms and operation of this Stipulated Confidentiality Order and have agreed to be bound by its terms; however, this provision does not impose any affirmative obligations on the Court or court personnel.  Persons listed in (a), (c), (d) or (f) of this paragraph shall be required to sign a Written Assurance attached hereto as Exhibit A prior to the disclosure of Confidential Information and/or Confidential Health Information.  The receiving party who discloses such Confidential Information and/or Confidential Health Information shall maintain each original, signed Written Assurance and shall produce it upon agreement of the parties.  Absent an agreement, the party seeking production may file a motion for an order to produce pursuant to the provisions of Local Rule 37-1.

If a third-party witness refuses to execute the Written Assurance, the parties will mutually reach resolution on disclosure to the refusing party on a case-by-case basis. Refusal by a third-party witness to sign the Written Assurance, and subsequent agreed production to that party by mutual agreement of counsel in this action, will not be deemed to be a waiver of any "Confidentiality" designation.

///

Any Producing Party who designated the document as Confidential pursuant to this Order may disclose such documents or information contained therein, to any persons, with or without conditions to such disclosure as it deems appropriate.

4. <u>Manner of Means of Designation</u>

A Producing Party may designate any document or portion thereof which contains Confidential Information or Confidential Health Information as "Confidential" pursuant to this Stipulated Confidentiality Order by affixing the Legend as provided under paragraph 1(j) to any document containing, or which the Producing Party believes contains, Confidential Information or Confidential Health Information. If, through inadvertence, a Producing Party produces any document or portion thereof which contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Stipulated Confidentiality Order by affixing the Legend as provided under paragraph 1(j), the Producing Party may subsequently designate the document as "Confidential" by providing replacement bates-numbered copies of the documents in question to counsel for all parties that contain the "Confidential" legend; provided, however, in the event that a party produces voluminous documents for inspection only, no stamping need be made by the Producing Party in advance of the initial inspection and the following procedures shall apply: The Producing Party shall not be considered to have waived the confidential status of the document made available during such an initial inspection but not chosen by the inspecting party for copying. Thereafter, upon selection of specified documents for copying by the inspecting party, Producing Party shall, within ten (10) days prior to providing copies of the selected documents to the requesting party, stamp each page of such documents as may contain Confidential Information or Confidential Health Information with the "Confidential" designation. A Producing Party may also designate documents as Confidential by advising counsel of record to whom the documents are to be produced, in writing, of the Bates numbers of the documents which are designated Confidential pursuant to this Order. In the case of confidential information disclosed in a non-paper

medium (e.g. videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the confidential information contained therein.

5. <u>Designation of Documents Produced by Third Parties</u>

Any party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within fifteen (15) days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating party and was given to the non-party on a confidential basis, in the following manner:

a. Parties to this litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Any party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within fifteen (15) days of receipt of such notice (or such other time as may be agreed), return to the designating party all undesignated copies of such document in their custody or possession, alternately shall affix the Legend to all copies of such designated document in their custody or possession, or shall destroy any previously received versions of the document not bearing the "Confidential" designation.

b. Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Stipulated Confidentiality Order; (ii) take reasonable steps to notify any persons who were provided copies by the receiving party of such designated document of the terms of this Stipulated Confidentiality Order; and (iii) make a written request to reclaim any such designated document in the possession

of any person not permitted access to such information under the terms of this Stipulated Confidentiality Order.

6. <u>Designation of Transcripts</u>.

In the case of Confidential Information or Confidential Health Information revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

7. <u>Copies</u>.

All copies of Confidential Documents shall also constitute and be treated as Confidential Documents as provided in this Stipulated Confidentiality Order. Any person making, or causing to be made, copies of any Confidential Documents shall make certain that each such copy bears the Legend pursuant to the requirements of this Stipulated Confidentiality Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

8. <u>Confidential Information and Confidential Health Information In Open Court</u>.

The procedures for use of Confidential Information or Confidential Health Information during a hearing or trial in this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall follow Local Rule 79-5.4 to refrain from including personal data identifiers or to redact such information or otherwise follow the filing procedures set forth in Local Rule 79-5.4 when a party must file a document containing personal data identifiers. No party shall disclose designated Confidential Health Information in open court without prior consideration by the Court.

9. <u>Filing Under Seal</u>.

"Confidential Information" or "Confidential Health Information" may be referred to in interrogatories, interrogatory answers, motions, briefs or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action, either as exhibits or as the basis for questions.

9.1 In accordance with Local Rule 79-5.1, if any papers to be lodged or filed with the Court contain information and/or materials that have been designated as "Confidential Information" or "Confidential Health Information," the proposed lodging or filing shall be accompanied by an application to lodge or file the papers or the portion thereof containing the designated information or materials (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

9.2 In the event a Party files a document containing Confidential Information or Confidential Health Information other than in accordance with this paragraph, any Party may apply to the Court that such materials be placed under seal.

9.3 All pleadings and other court filings that contain Confidential Information or Confidential Health Information shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that "This Document Contains CONFIDENTIAL Materials."

10. <u>Objections to Designation</u>.

In the event that any party at any time believes that designated information should not be so designated, or that a different designation should be employed, counsel for that party (the "requesting party") shall so notify the designating party in writing. The requesting party may at any time request in writing that any information or document designated as "Confidential" be released from the requirements of this Stipulated Confidentiality Order, and, unless otherwise agreed in writing, the Producing Party shall meet and confer with the requesting party in accordance with

1  Local Rule 37-1.  If an agreement cannot be reached by negotiation, then counsel for
2  both parties shall formulate a written stipulation in strict compliance with Local Rule
3  37-2.  The Producing Party must provide the requesting party with its portion of the
4  joint stipulation within twenty-one (21) days of the meet and confer discussion for a
5  ruling from the Court on the continued application of the "Confidential" designation of
6  such information or document.  The joint stipulation shall be filed along with the
7  notice of motion pursuant to the provisions of Local Rule 37-2.  In any such motion,
8  the Producing Party bears the burden of proof to establish why the "Confidential"
9  designation should be maintained.  In the event that such motion is made, the
10 information or document shall be submitted to the Court under seal for the Court's
11 review, and the terms of this Stipulated Confidentiality Order shall continue to apply to
12 such information or document until the Court rules on the motion.  If such motion is
13 not made by that time, the document or information in dispute shall no longer be
14 deemed as Confidential Information.  If the Court orders otherwise, no such disclosure
15 shall be made.  The above procedure shall not preclude a motion to the Court on a
16 more expedited basis as circumstances warrant.

17       11.    <u>Procedure for Disclosure to Other Persons</u>.

18       At any time, any requesting party may request in writing permission to disclose
19 any document or other information designated "Confidential" to any person other than
20 those permitted access to such information under Paragraph 3 above.  The responding
21 party shall thereafter respond in writing within fourteen (14) days of receipt of the
22 written request, and if the requested permission is withheld, shall serve a written
23 request to Producing Party in strict compliance with Local Rule 37-1.  Failure to
24 respond within the above fourteen (14) day period will constitute a waiver of the
25 confidentiality of the document or information at issue.  If consent has been withheld
26 by any party, and the parties are subsequently unable to agree whether the requested
27 disclosure should be allowed, or they cannot agree on the terms and conditions of
28 disclosure, the matter may be submitted to the Court in strict compliance with Local

Rule 37; provided, however, that until such time as the Court orders otherwise, no such disclosure shall be made. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

12. <u>Further Confidentiality Orders/Objections Not Waived</u>.

The foregoing is without prejudice to the right of any party to this Stipulated Confidentiality Order: (a) to apply to the Court for a further confidentiality order relating to any Confidential Information or Confidential Health Information or relating to any discovery in this litigation; (b) to resist or compel discovery with respect to, seek to obtain additional or different protection for, discovery material claimed to be protected work product or privileged under California or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to California law; (c) to seek to modify or obtain relief from any aspect of this Stipulated Confidentiality Order; (d) to object to the use, relevance or admissibility at trial or otherwise of any discovery material, whether or not designated in whole or in part as Confidential Information subject to this Stipulated Confidentiality Order.

13. <u>Subpoena of Confidential Documents</u>.

If at any time any document or information protected by this Stipulated Confidentiality Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party which has designated such information "Confidential," so as to advise such person of the need to promptly obtain a confidentiality order or a notice to quash the subpoena. The burden shall be on the Producing Party, at its option, to timely file a motion for a confidentiality order. The pendency of this Stipulated Confidentiality Order shall not be grounds for refusing to provide such information in responses to the subpoena or formal request; however the party receiving such a subpoena or form request shall

1  advise the party serving the request of the existence and contents of the Stipulated
2  Confidentiality Order.  Nor shall the production of the Confidential Information or
3  Confidential Health Information by a third party operate as a waiver of or otherwise
4  limit the protections afforded to Documents or information which are subject to this
5  Stipulated Confidentiality Order.

6       14.     <u>Compliance with Federal and California Law</u>.
7  The production of documents in the manner specified in this Order complies with
8  federal law and California state law governing the confidentiality of patient and health
9  information.

10      15.     <u>Continuation of Protection After Disposition</u>.
11      a.      The termination of proceedings in the Litigation shall not relieve the
12 parties from the obligation of maintaining the confidentiality of all Confidential
13 Documents and Confidential Information and Confidential Health Information
14 produced and designated pursuant to this Stipulated Confidentiality Order, unless the
15 Court orders or permits otherwise.

16      b.      Upon the final disposition of the Litigation and receipt of a written notice
17 from the Producing Party, the attorneys for the parties shall, at their option, either (a)
18 return promptly to the Producing Party from whom it was obtained any document that
19 has been designated "Confidential" and copies thereof; (b) destroy all documents that
20 have been designated "Confidential" at the Producing Party's request; or (c) maintain
21 the documents as confidential pursuant to the provisions of this Order.
22 Notwithstanding this provision, the parties to the Litigation may keep a complete set of
23 deposition transcripts, all documents filed or lodged with the Court, which may include
24 documents designated  "Confidential" and any attorney work product, provided such
25 information is stored in a manner so as to preserve its confidentiality.
26 ///
27 ///
28 ///

16. <u>Inadvertent Failure to Designate Information Under this Stipulated Confidentiality Order.</u>

The inadvertent failure to designate information under this Stipulated Confidentiality Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information under this Order so long as such party takes steps to correct the designation of such information within a reasonable time and as set forth in paragraph 4.

In the event that Confidential Information is designated as Confidential after production, the receiving party shall employ reasonable efforts to ensure that any inadvertently disclosed information is subsequently treated as required pursuant to the terms of this Stipulated Confidentiality Order.

However, in the event that Confidential Information is designated as Confidential after a receiving party filed such information with the Court, the party designating it "Confidential" after the receiving party's filing of such information shall be responsible for filing a request to place such information under protective seal as set forth in paragraph 9.2.

17. <u>Retroactive Application.</u>

The provisions of this Stipulated Confidentiality Order shall apply retroactively to all documents and information previously exchanged by either party to this action, including all responses to requests for admissions, requests for production of documents, and interrogatories that have been designated as Confidential. To the extent not already designated as Confidential, the producing party can designate any and all documents produced and/or provided as Confidential or Confidential Health Information within thirty (30) days of the execution of this Stipulated Confidentiality Order as provided in this Stipulated Confidentiality Order.

14
[PROPOSED] STIPULATED CONFIDENTIALITY ORDER

# EXHIBIT A

I, _____, hereby certify that I have read and understood the provisions of the Stipulated Confidentiality Order, entered by the Honorable Robert N. Block of the United States District Court for the Central District in the action entitled *The Regents of the University of California v. Aetna US Health of California, Inc., et al.* Case No. SACV10-1043 DOC (RNBx).

I understand that my use of any and all documents, information and materials in this litigation are governed by the terms and conditions of the Stipulated Confidentiality Order and I hereby certify that I will comply fully with those terms and conditions where applicable. I understand that my failure to do so may be punishable as contempt of Court. I agree to submit to the jurisdiction of this Court for the limited purpose of enforcement of the terms of this Stipulated Confidentiality Order.

Name:_____

Address:_____

Signed at _____ this \_\_\_ day of _____.

Gordee, Nowicki & Augustini LLP

15

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service were served with a copy of the following document via the Central District of California CM/ECF system on January ___, 2011:

**[PROPOSED] STIPULATED CONFIDENTIALITY ORDER**

/s/ Kevin R. Nowicki

Attorneys for Defendant
AETNA LIFE INSURANCE
COMPANY (erroneously served and sued as AETNA US HEALTH OF CALIFORNIA, INC.)